RICH (now O'Shea) *v.* AUTOMOBILE UNDERWRITERS, INC.

[No. 19,023. Filed November 22, 1957. Rehearing denied December 16, 1957. Transfer denied March 26, 1958.]

*Albert W. Ewbank, Seth Ward, John Davis,* all of Indianapolis, *Ben Scifres, John Hornaday* and *Scifres & Hollingsworth,* all of Lebanon, for appellant.

*Anthony J. Klee, Steers, Klee, Jay & Sullivan,* of Indianapolis, and *Parr, Parr & Parr,* of Lebanon, for appellee.

PER CURIAM.—The appellant sustained an injury to her left knee alleged to have been caused by the negligent operation of a truck by the appellee's assured. Thereafter the appellee obtained a release and covenant not to sue. This action was brought by the appellant against the appellee to recover damages alleged to have been sustained by the appellant because of the fraud of the appellee's agent in obtaining the release and covenant not to sue. The case has been tried three times. The first trial resulted in a judgment for the appellant which was reversed by the Supreme Court because of the insufficiency of the evidence to show actionable fraud. (222 Ind. 384, 53 N. E. 2d 775.) The case was tried the second time upon the same complaint and again resulted in a judgment for the appellant. Upon appeal to this court we held that the decision of the Supreme Court as to the sufficiency of the evidence to sustain the verdict was the law of the case upon the facts then before it and that if the evidence before

us was the same or substantially the same as on the first trial, we were required to hold, as did the Supreme Court, that it was not sufficient to sustain the verdict. Upon an examination of the two records we said: "We can find in the evidence presented by this record nothing that would justify us in reaching a conclusion different from that reached by the Supreme Court." (116 Ind. App. 511, 64 N. E. 2d 305.) The judgment of the second trial was therefore reversed and the cause remanded. Upon the third trial the court directed a verdict for the appellee herein at the close of the appellant's evidence. The appellant charges that this was error and such charge is the sole question presented by this appeal. The appellant supports this proposition by a brief which, by her own statement, contains only that evidence which she considers necessary for the determination of the error charged. The entire testimony of the witnesses Bertha Pruett, Robert Rich, George Farley, Dr. Lacey Schuler and Charles Reynolds is omitted from said brief. Also the complete cross-examination of the appellant covering 41 pages of the transcript is omitted. On the theory that such a brief fails to show a good faith effort to comply with the rules in reference to briefing, the appellee has filed a motion to affirm the judgment herein without further ado.

It is at once apparent that unless the present record contains evidence new and different from that which this and the Supreme Court had before them in the two former appeals the law of the case as therein announced must prevail and the judgment herein affirmed. It is also apparent that with a substantial part of the evidence missing from the appellant's brief it is impossible for us to say, without resort to the record, that the law of the case as established in the two former decisions does not here apply. In the absence

of a showing to the contrary we must assume that the action of the trial court, herein complained of, was correct.

Judgment affirmed.

NOTE.—Reported in 146 N. E. 2d 106.